UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A., L.A., A., Jr. A., | 1:13-CV-1043-AWI-SMS |
|     Plaintiffs, | **ORDER SETTING MANDATORY SCHEDULING CONFERENCE** |
| vs. | **REQUIRING THE PARTIES TO CONFER PURSUANT TO** |
| CLOVIS UNIFIED SCHOOL DISTRICT, CLOVIS SELPA, AND | **F.R.CIV.P. 26(f)** |
| ADMINISTRATOR MARY BASS, | **DATE: 10/9/13** |
|     Defendants. | **TIME: 10:00 AM** |
| | **CTRM: 1 ~ 8th Floor** |
| | **HONORABLE SANDRA M. SNYDER** |
| | **UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to the reassignment of this matter from Magistrate Judge Stanley A. Boone to Magistrate Judge Sandra M. Snyder, issued on 7/9/2013, a Mandatory Scheduling Conference is set as referenced above.

    **Fed.R.Civ.P. 26(f)** requires that, no later than 21 days before the Scheduling Conference, the parties must "...confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan."

    **Fed.R.Civ.P. 26(d)** provides that, unless authorized by F.R.Civ.P. or by order or agreement of the parties, no party may

seek discovery from any source before the parties have conferred as required by Rule 26(f).

**Fed.R.Civ.P. 26(a)(1)** requires that, without waiting for a discovery request, a party must provide to other parties:

(1)  the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses identifying the subjects of the information;

(2)  a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party, and that the disclosing party may use to support its claims or defenses;

(3)  a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and,

(4)  for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business can be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Attendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or, alternatively, by retained counsel.  Only counsel who are thoroughly familiar with the facts and law of the instant case, and who have full authority to bind the client, shall appear.  Trial counsel should participate in this Scheduling Conference whenever possible.  It

may be necessary for counsel to spend as much as 30-45 minutes in this Conference.

A Joint Scheduling Report, carefully and completely prepared and executed by all counsel, shall be electronically filed in CM/ECF, in full compliance with the requirements set forth in Exhibit "A" below, one (1) full week prior to the Scheduling Conference, and shall be e-mailed, in WordPerfect or Word format, to **smsorders@caed.uscourts.gov.**

**EXHIBIT "A"**

At least twenty (20) days prior to the Scheduling Conference, actual trial counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for plaintiff(s).  This conference shall preferably be a personal conference between counsel but, due to the distance involved in this District, a telephonic conference involving all counsel is permissible.  The Joint Scheduling Report shall respond to the following items by corresponding number paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Joint Scheduling Report.  If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.

3. A summary detailing the uncontested and contested facts.

    4. A summary of the legal issues as to which there is no dispute, i.e., jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

    5. The status of all matters which are presently set before the Court, i.e., hearing all motions, etc.

    6. A complete and detailed discovery plan, including:

        (a) A report of the results of the conference required by Federal Rules of Civil Procedure 26(f);

        (b) Any proposed changes in the timing, form, or requirement for disclosures required under F.R.Civ.P. 26(a);

        (c) Any changes which should be made in the limitations on discovery imposed under F.R.Civ.P. 30, 31, 33;

        (d) An outline of the subjects on which discovery may be needed;

        (e) Whether discovery should be conducted in phases or be limited to or focused upon particular subjects;

        (f) A firm cut-off date for discovery; and,

        (g) A proposed date for disclosure of expert witnesses pursuant to F.R.Civ.P.26(a)(2).

    7. Dates agreed to by all counsel for:

        (a) Filing pre-trial motions, with the understanding that motions will not be entertained after the agreed upon date. (No later than 45 days prior to the proposed Pre-Trial Conference date.)

        (b) Pre-Trial Conference date.

        (c) Trial date.

    All of these dates should be considered firm dates. Dates should be set to allow the Court to decide any matters

under submission before the Pre-Trial Conference is set.

8. At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement. Counsel shall indicate when they feel a settlement conference should occur, i.e., before further discovery, after discovery, after pre-trial motion(s), etc.

9. A statement as to whether the case is a jury or non-jury case.

10. An estimate of the number of trial days required. When counsel cannot agree, each party shall give their best estimate.

11. Whether either party requests bifurcation of trial or has any other suggestion for shortening trial. It should be noted that all federal tort claim cases are bifurcated as a matter of course.

12. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

13. Joint Scheduling Reports are to be e-mailed, in WordPerfect or Word format, to **smsorders@caed.uscourts.gov**.

For reference purposes, the Court requires that counsels' Joint Scheduling Report indicate that date, time, and courtroom of the Scheduling Conference opposite the caption on the first page of the Report.

**Counsel may request that their attendance be by telephonic conference**. If two or more parties wish to appear telephonically, counsel shall decide responsibility for making prior arrangements for the conference call with an AT&T operator (if counsel do not have conference call capabilities on their

1  telephone systems), and shall initiate the call at the above-
2  designated time.  After all parties are on the line, the call
3  should then be placed to Judge Snyder's chambers at (559)
4  499-5690.  **Additionally, counsel are directed to indicate on the**
5  **face page of their Joint Scheduling Report that the conference**
6  **will be telephonic.**
7     SHOULD COUNSEL FAIL TO APPEAR AT THE MANDATORY SCHEDULING
8  CONFERENCE OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH
9  ABOVE, AN EX PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL,
10 DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR
11 SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR
12 ORDERED.

14     IT IS SO ORDERED.

16 DATED: 7/10/2013                    /s/ SANDRA M. SNYDER
17                                     UNITED STATES MAGISTRATE JUDGE