UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A.A. and L.A. on behalf of A.A., Jr.,** | **CASE NO. 1:13-CV-01043 AWI SMS** |
| **Plaintiffs,** | **ORDER RE DEFENDANTS' MOTION TO DISMISS** |
| **v.** | |
| **CLOVIS UNIFIED SCHOOL DISTRICT, CLOVIS SELPA, MARY BASS in her personal and official capacities as SELPA ADMINISTRATOR and DIRECTOR of SPECIAL EDUCATION for CLOVIS USD and DOES 1-10**, | (Doc 22) |
| **Defendants.** | |

Plaintiffs A.A. and L.A, on behalf of A.A. Jr. (collectively "Plaintiffs") bring this action against Clovis Unified School District ("CUSD"), the Clovis Special Education Local Plan Area ("SELPA"), Mary Bass, in her personal and official capacities as SELPA Administrator and Director of Special Education for CUSD, and Does 1-10 (collectively "Defendants"). Plaintiffs allege that Defendants failed to provide A.A. Jr. an appropriate education as required by federal law, and discriminated against him on the basis of his disability in violation of federal and state law. The Court addresses Defendants' motion to dismiss the First Amended Complaint ("FAC").

I.  BACKGROUND

A.A. and L.A. are the parents of A.A. Jr., a thirteen year old student identified with Down's syndrome attending school in CUSD. Doc. 21, 3:21-4:12. By the Individuals with Disabilities Act ("IDEA") A.A. Jr. is entitled to a free and appropriate public education in the least restrictive environment. See 20 U.S.C. § 1415. The IDEA requires that an individualized education program ("IEP") be regularly maintained and include statements of the child's performance, annual goals,

and the extent which the child will not participate with nondisabled children in regular class, among other things. 20 U.S.C. § 1414(d). The way the IEP is developed, and by whom, is also outlined by the IDEA. 20 U.S.C. § 1414(d).  In 2012, A.A. and L.A. disagreed with CUSD's 2011-2012 IEP for A.A. Jr. and refused to sign it. Doc. 21, 7:1-7. The IEP indicated that A.A. Jr. would be placed in CUSD's "Functional Life Skills" program, which separates students with intellectual disability into a self-contained class. Doc. 21, 6:4-11. Its instruction is not based on general education curriculum, and its resources are below the California Department of Education standards for students without disabilities, such that basic materials and services are denied. Doc. 21, 6:7-15. A.A. and L.A. instead placed A.A. Jr. in a non-segregated general education classroom with peers who did not have disabilities for part of the school day, and paid for specialized instruction outside of CUSD's Functional Life Skills program. Doc. 21, 7:4-7.

On November 14, 2012, Plaintiffs filed their request for a due process hearing with the Office of Administrative Hearings. Doc. 21, 2:22-23. The ALJ heard the matter and denied Plaintiffs' requests for relief on April 5, 2013. Doc. 21, 3:2. The ALJ found in favor of CUSD –that CUSD's individual education program for A.A. Jr. conformed with the IDEA requirements of providing a free and appropriate public education in the least restrictive environment based on A.A. Jr.'s cognitive delay. Doc. 21, 3:8-15. Plaintiffs filed this action appealing the ALJ's decision on April 5, 2013. Doc. 1.

A.A. and L.A. have objected to A.A. Jr's placement in the Functional Life Skills program since his kindergarten year and insist on full inclusion in the general education classroom. Doc. 21, 10:14-18. Plaintiffs identify support from A.A. Jr.'s teachers that A.A. Jr. participated in general education instruction and was able to achieve with a modified curriculum. See Doc. 21, pp. 7-8, 19-20. They also identify data indicating A.A. Jr.'s educational performance. See Doc. 21, pp.14-15, 20. They believe the ALJ erred as a matter of law because he did not follow the correct legal standard to determine whether the proposed education program is in the least restrictive environment and he did not consider the inadequate training of CUSD's instructional aides. Doc. 21, 11:25-27, 16:20-21.  They also believe the factual findings are refuted by the record. Doc. 21, 18:26.

Plaintiffs withdrew their original Complaint and filed the FAC. Docs. 20, 21. The FAC brings eight causes of action related to the abovementioned facts: 1) Violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment against Defendants; 2) Violations of Title II of the ADA against CUSD; 3) Violations of Section 504 of the Rehabilitation Act against CUSD; 4) Violations of the IDEA against Defendants; 5) Violations of the Fourteenth Amendment, the ADA, Section 504 of the Rehabilitation Act, and the IDEA brought under Section 1983 against Defendants; 6) Violations of the Unruh Civil Rights Act against Defendants; 7) Intentional Infliction of Emotional Distress against Defendants; and 8)Negligence against Defendants.  Doc. 21

The Court considers Defendants' Motion to Dismiss, the Opposition, and the Reply under submission in this order. Docs. 22, 24, 26, 32.

II.     RULE 12(b)(1)

Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(b)(1). The Constitution grants federal courts jurisdiction over "all Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. District courts have statutory jurisdiction over federal claims, 28 U.S.C. § 1331, and supplemental jurisdiction over related state-law claims, 28 U.S.C. § 1367. Suits against the government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity. *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014).

The causes of action in this case are brought under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA") at 20 U.S.C. §§ 1400 *et. seq*, Section 504 of the Rehabilitation Act at 29 U.S.C. § 794, the Individuals with Disabilities Education Act ("IDEA") at 42 U.S.C. §§ 12131-34, and three California state law claims arising under the same facts giving rise to the federal claims. This case arises under federal statutes, and invokes subject matter jurisdiction over the federal questions, and supplemental jurisdiction of the related state law claims. The Court has jurisdiction over this action. It does not have jurisdiction over certain claims against the government entities which will be dismissed in this order.

3

III.     RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011); *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Johnson*, 534 F.3d at 1121.

To avoid a Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 556.

The court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

IV.     DISCUSSION

A. <u>SELPA</u>

Defendants contend that SELPA is not a distinct entity from CUSD and should be dismissed based on Rule 12(b)(6). Doc. 22, 2:9-20.

On this motion to dismiss, Plaintiffs' allegations are taken as true. Defendants' affidavits submitted under penalty of perjury do not change the legal standard and this stage of the pleadings. Plaintiff has alleged that SELPA ensures compliance with federal regulations by taking specific actions, and receives federal funds. Doc. 21, 4:18-24. Defendants contend that SELPA is not an entity separate from CUSD, but is an "arm" of the same, and does not receive federal funding directly, but through CUSD. Doc. 22, 23:6-12. On a Rule 12(b)(6) motion, Defendants' affidavits

are given no weight. SELPA and other school district "SELPAs" have been maintained as defendants apart from their school district in the District Court.[1] The Court construes the facts in the light most favorable to Plaintiff, and SELPA will not be dismissed at this stage.

B. First Cause of Action

Plaintiffs' first cause of action is titled "Violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the U.S. Constitution by Defendants." However, "[t]he Fourteenth Amendment is not self-executing, and can only be brought by plaintiff pursuant to a section 1983 claim." *Foley v. Bates*, 2007 U.S. Dist. LEXIS 27390, *31 (N.D. Cal. March 30, 2007)(*citing Magana v. Com. of the Northern Mariana Islands*, 107 F.3d 1436, 1441 (9th Cir. 1997)). Section 1983 provides a remedy for violations of civil rights, committed under the color of law, arising from the Constitution or under other federal laws. 42 U.S.C. § 1983; *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979).

There is no independent cause of action for violations of the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment. Hence, Plaintiffs' first cause of action is dismissed in its entirety with prejudice.

C. Second Cause of Action

Plaintiffs' second cause of action for violations of Title II of the ADA is brought against CUSD only. Defendants' motion does not dispute this cause of action.

D. Third Cause of Action

Plaintiffs' third cause of action for violations of Section 504 of the Rehabilitation Act is brought against CUSD only. Defendants' motion does not dispute this cause of action.

E. Fourth Cause of Action

Plaintiffs' fourth cause of action for Defendants' violation of the IDEA. Defendants contend that Defendant Bass cannot be held personally liable under this cause of action.

"[T]he IDEA does not permit an award of any monetary relief, including tuition reimbursement and compensatory education, against individual school officials who are named in

---

[1] See e.g., *R.G. v. Clovis Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 29567 (E.D. Cal. Mar. 22, 2011); *Z.F. v. Ripon Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 102562 (E.D. Cal. Sept. 9, 2011)

their personal capacities as defendants in an IDEA action." *R.G. v. Clovis Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 29567, *19-20 (E.D. Cal. Mar. 22, 2011)(*quoting Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 34-35 (1st Cir. 2006)). Individually named defendants do not bear the responsibility of providing the free and appropriate public education required by the IDEA. *Everett H v. Dry Creek Joint Elem. Sch. Dist.*, 2014 U.S. Dist. LEXIS 37044, *29 (E.D. Cal. Mar. 20, 2014).

Because the IDEA does not provide for individual liability, the fourth cause of action is dismissed as to Defendant Bass in her personal capacity with prejudice.

The fourth cause of action survives as to Defendant CUSD, SELPA, and Bass in her official capacities.

### F. Fifth Cause of Action

Plaintiffs' fifth cause of action is for Section 1983 claims pursuant to the Fourteenth Amendment of the U.S. Constitution, the ADA, Section 504 of the Rehabilitation Act, and the IDEA. Defendants contend that Defendants CUSD, SELPA, and Bass in her official capacities are immune from suit under the Eleventh Amendment, that there is no viable Section 1983 claim for violations of the ADA, Section 504 of the Rehabilitation Act, or the IDEA, and that Bass in her individual capacity has immunity.

#### 1. Eleventh Amendment Immunity

The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies. *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 957 n. 27 (9th Cir. 2002)(*citing Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). However, under *Ex Parte Young*, 209 U.S. 123 (1908), "the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities." *Fireman's Fund*, 303 F.2d at 957 n.27 (*citing Los Angeles County Bar Assoc. v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992)). The individual state official sued must have some connection with the enforcement of the act, and "that connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012)(internal quotations omitted).

Eleventh Amendment immunity applies to claims brought under Section 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). School districts in California, like CUSD, are state agencies for purposes of the Eleventh Amendment. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251-54 (9th Cir. 1992).

Plaintiffs have alleged that SELPA "is required to put into effect policies, procedures, and programs that are consistent with state laws, regulations, and policies" governing general compliance with the IDEA, Rehabilitation Act, and ADA." Doc. 21, 4:18-24. There is no legal rationale or policy distinction for treating a special education local plan area any differently than a school district which is entitled to Eleventh Amendment immunity. *See McElroy v. Tracy Unified Sch. Dist.*, 2008 U.S. Dist. LEXIS 95453, 25 (E.D. Cal. Nov. 21, 2008)("SELPA also acts as 'an agent of the state for the operation of the school system.'")

Defendants CUSD and SELPA are state agencies, and are immune from suit under the Eleventh Amendment. Defendant Bass in her official capacity is alleged to be "responsible for SELPA's program development, special education budget, and governance of CUSD's special education program." As the SELPA administrator and CUSD director of special education, her connection with enforcement of CUSD's compliance with federal requirements for its students with disabilities under the IDEA, ADA, and Rehabilitation Act is direct. As alleged, she does not merely have supervisory power over other persons who are actually responsible for their enforcement. Hence, Bass, in her official capacities, is also immune from suit under the Eleventh Amendment, but not as to prospective declaratory or injunctive relief.

The fifth cause of action is dismissed as to Defendants CUSD and SELPA with prejudice for lack of subject matter jurisdiction. It is dismissed as to Defendant Bass in her official capacities to the extent that it seeks relief other than prospective declaratory or injunctive relief.

        2. *Liability Under Section 1983*

An alleged violation of federal law may not be vindicated under Section 1983 where Congress has "foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995)(*citing Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508, 110 S. Ct. 2510

(1990)). "[A] comprehensive remedial scheme for the enforcement of a statutory right creates a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right." *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (citing *Middlesex Co. Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 20, 101 S. Ct. 2615 (1981)).

Section 1983 is not an available remedy for violations of the IDEA, Title II of the ADA, or Section 504 of the Rehabilitation Act. The comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA. *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007). "The Ninth Circuit has ruled that, because Congress provided a comprehensive remedial scheme for individual suits under both Title II and the Rehabilitation Act, it intended to preclude suits seeking to enforce Title II rights through § 1983." *Chadam v. Palo Alto Unified Sch. Dist.,* 2014 U.S. Dist. LEXIS 11236, *5-6 (N.D. Cal. Jan. 29, 2014)(*citing Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002)); see also *Indep. Living Ctr. of S. Cal. v. City of L.A.*, 2013 U.S. Dist. LEXIS 143636, *37 (C.D. Cal. Sept. 19, 2013).

The fifth cause of action is brought pursuant to Section 1983 for violations of the Fourteenth Amendment[2], the ADA, Section 504, and IDEA. Because the IDEA, the ADA, and the Rehabilitation Act provide a comprehensive remedial scheme under which to bring suit, Section 1983 is not an available remedy for violations of the same; and this cause of action is dismissed to the the extent that the Section 1983 claims are based on violations of the ADA, Section 504 of the Rehabilitation Act, and the IDEA. This claim remains as to violations of the Fourteenth Amendment.

### 3. Mary Bass, in her personal capacity

Defendants contend that claims against Defendant Bass, in her personal capacity should be dismissed upon the doctrine of discretionary immunity pursuant to California Government Code Section 820.2 (Doc. 22, 18:18-19) and because Plaintiffs have not alleged compliance with the California Tort Claims Act ("CTCA") (Doc. 22, 21:8-9). The California discretionary immunity

---

[2] Although unspecified in this cause of action, the alleged violations of the Fourteenth Amendment are presumably violations of equal protection and procedural due process under the Fourteenth Amendment, reading the complaint as a whole.

8

1  statute and the CTCA apply to state law claims and do not apply to Plaintiffs' Section 1983 claim.

2  California Government Code Section 820.2 does not apply in a Section 1983 case. *Slama v.
3  City of Madera*, 2008 U.S. Dist. LEXIS 71014, *7 n.2 (E.D. Cal. Aug. 5, 2008). " '[S]tate law
4  cannot provide immunity from suit for federal civil rights violations.'" *Roe v. Gustine Unified Sch.
5  Dist.*, 678 F. Supp. 2d 1008, 1019 (E.D. Cal. 2009)(*quoting Wallis v. Spencer*, 202 F.3d 1126, 1144
6  (9th Cir. 2000)).

7  "The CTCA applies to state law claims wherever those claims are brought, and the
8  requirement that a plaintiff must affirmatively allege compliance with the CTCA applies in federal
9  court." *Butler v. Los Angeles Cnty.*, 617 F.Supp.2d 994, 1001 (C.D. Cal. 2008); *see also Willis v.
10 Reddin*, 418 F.2d 702, 704-05 (9th Cir.1969)("While it may be completely appropriate for
11 California to condition rights which grow out of local law […], California may not impair federally
12 created rights or impose conditions upon them."). However, Section 1983 is not a state law claim,
13 and is not restricted by the CTCA. *Galvan v. Yates*, 2006 U.S. Dist. LEXIS 37301, *24 (E.D. Cal.
14 Feb. 7, 2006).

15 Plaintiffs' Section 1983 claim is not subject to California discretionary immunity doctrine or
16 the CTCA. Other than these two bases, Defendants' motion does not argue any other reason to
17 dismiss Plaintiffs' Section 1983 claim against Defendant Bass in her personal capacity, and the
18 claim will survive this motion to dismiss.

19 The fifth cause of action survives as to Defendant Bass in her official capacities, only as to
20 violations of the Fourteenth Amendment, and only for prospective declaratory or injunctive relief,
21 and as to Defendant Bass in her personal capacity only as to violations of the Fourteenth
22 Amendment.

23 G.  <u>Sixth, Seventh, and Eighth Causes of Action</u>

24 Plaintiffs' sixth cause of action is brought against all Defendants for violations of Section 51
25 of the Unruh Civil Rights Act arising under the California Civil Code. Doc. 21, 28:14-22. Plaintiffs'
26 seventh cause of action is brought against all Defendants for intentional infliction of emotional
27 distress.  Doc. 21, 31:1. Plaintiffs' eighth cause of action is brought against all Defendants for
28 negligence. Doc. 21, 32:19. Defendants contend that Plaintiffs' state causes of action should be

dismissed under Eleventh Amendment Immunity and failure to comply with the CTCA requirements.

### 1. *Eleventh Amendment Immunity and the CTCA*

The Eleventh Amendment precludes the adjudication of pendent state law claims against nonconsenting state defendants in federal courts. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). This does not apply where the state official is sued in personal capacity. *Id*. at 974. Defendants' motion demonstrates that the State has not waived its Eleventh Amendment immunity; and, as discussed, CUSD, SELPA and Bass in her official capacities are arms of the state for Eleventh Amendment purposes. Again, actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities are not barred by the Eleventh Amendment. Claims against Bass in her personal capacity are not barred by the Eleventh Amendment

In order to maintain a claim against a public entity in State Court, the CTCA requires a plaintiff to present the entity with a claim for damages prior to filing a complaint for damages. Cal. Gov't Code §§ 910, 911.2. "While California has waived its sovereign immunity so that it may be sued in its own courts under the California Tort Claims Act, such a waiver does not constitute a waiver of its Eleventh Amendment immunity in the federal courts." *Phillips v. County of Fresno*, 2014 U.S. Dist. LEXIS 66534, *10 (E.D. Cal. May 13, 2014); *Riggle v. California*, 577 F.2d 579, 585-86 (9th Cir. 1978).

Accordingly, Plaintiffs' three state law claims against CUSD and SELPA are dismissed with prejudice for lack of subject matter jurisdiction. They are dismissed as to Defendant Bass in her official capacities to the extent that they seek relief other than prospective declaratory or injunctive relief.

### 2. *Mary Bass, in her personal capacity*

When adjudicating a supplemental state law claim, the federal courts must apply state substantive law. The CTCA presentation requirement applies even when a plaintiff is seeking individual liability against a public employee for an act or omission committed in the scope of his or her employment. *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 613 (Cal. App. 6th Dist.

1991)(imposing the CTCA presentation requirement on a plaintiff suing a public defender in his individual capacity even though the office was immune from liability). Timely claim presentation is an element of the plaintiff's cause of action, and thus a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement in his complaint. *Via v. City of Fairfield*, 833 F. Supp.2d 1189, 1197 (E.D. Cal. 2011) (citations and internal quotations omitted).

Plaintiffs have sufficiently pled that her actions for which they seek damages, were within the scope of her employment. As discussed in section IV.F.1 of this order, Bass is alleged to be responsible for CUSD's special education program and SELPA administration. The state causes of action arise out of the administration of CUSD special education and SELPA, and specific actions and decisions made with regards to A.A. Jr. Bass is named as a defendant solely for her actions committed in the scope of her employment as the administrator of the CUSD special education program and SELPA. The CTCA presentment requirement applies to state claims alleged against Bass in her personal capacity.

### 3. Sixth Cause of Action: Unruh Civil Rights Act

"The presentation of a claim under the Unruh Act is generally not required prior to the filing of a nonpecuniary action, such as one seeking injunctive or declaratory relief. [citation] However, if a plaintiff seeks both damages and nonmonetary relief, the claim presentation requirement is applicable unless the requested damages are merely incidental or ancillary to the requested equitable relief. [citation]" *Poway Unified Sch. Dist. v. K.C.*, 2014 U.S. Dist. LEXIS 4726, *25-26 (S.D. Cal. Jan. 14, 2014). The critical question is whether the "primary purpose" of the action is to recover damages or to obtain injunctive relief. *Id.* at * 26 (*citing Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 762 (Cal. App. 1st Dist. 2002).

The CTCA requirements will not be applicable to the sixth cause of action for violations of the Unruh Civil Rights Act. As pled against Bass in her official capacities, Plaintiff's claim only survives as to prospective declaratory or injunctive relief. Hence, the presentment requirement of the CTCA is not required as to the Unruh claim against Bass in her official capacities.

As pled against Bass in her personal capacity, a review of the FAC, which seeks damages and nonmonetary relief, demonstrates that the primary purpose of Plaintiffs action is to obtain

11

injunctive relief. It appears that Plaintiffs primary purpose of filing this action is to place A.A. Jr. in general education classes with students without disabilities for part of his education in order to access the resources provided to general education and not provided in special education. It appears that the majority of the FAC addresses the 2011-2012 IEP and support for Plaintiffs' contention that it does not conform to the IDEA requirements and discriminates against them. Plaintiffs appeal the decision of the ALJ which places A.A. Jr. in segregated class. They request relief primarily in the form of declaratory and injunctive relief. Money damages for costs borne by Plaintiffs in the form of tuition reimbursement because of Defendants' actions seem ancillary to their desire to have A.A. Jr. in general education part of the time. Specifically, under Plaintiffs' sixth cause of action, Plaintiffs describe the inferior services provided to students with disabilities who are not on the "diploma track." Because the FAC, and specifically the sixth cause of action, seeks injunctive relief as its primary purpose and damages are ancillary to the equitable relief, the CTCA claim presentment requirement is not applicable to the sixth cause of action as pled against Bass in her personal capacity. Therefore, the sixth cause of action remains as to Defendant Bass in her official capacities but only for prospective declaratory and injunctive relief and Defendant Bass in her personal capacity.

### 4.  *Seventh and Eighth Causes of Action: IIED and Negligence*

In accord with the Eleventh Amendment, state law claims against Bass in her official capacities are only permitted to the extent that they seek prospective declaratory and injunctive relief. Plaintiffs' seventh and eighth causes of action for intentional infliction of emotional distress ("IIED") and negligence seek damages; hence, they will be dismissed in their entirety against Bass in her official capacities.

Plaintiffs' IIED and negligence claims brought against Bass in her individual capacity are subject to the CTCA presentment requirements because they are brought for actions committed within the scope of her employment.

Plaintiffs have not alleged compliance with the CTCA in the FAC. Because timely presentment of is an element of the cause of action, Plaintiffs' seventh and eighth causes of action should be dismissed. Plaintiffs contend that they will be able to amend the pleadings to properly

allege compliance. Doc. 24, 16:5-6, 16:8-9. This is the first motion to dismiss, and Plaintiffs will be given leave to amend the seventh and eighth causes of action as to Defendant Bass in her personal capacity only.

H.  Rule 12(e)

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e).

Defendants move for an order for a more definite statement but have not specified any particular ambiguity to which they are unable to respond. Doc. 22, 4:24-28. The Court does not find that Plaintiffs' FAC, including its prayer for relief, is so vague or ambiguous that Defendants cannot reasonably prepare a response.

V.  ORDER

For the foregoing reasons, Defendants Motion to Dismiss the FAC is hereby GRANTED in part and DENIED in part as follows:

Plaintiffs' first cause of action is dismissed in its entirety with prejudice.

(Plaintiffs' second and third causes of action are not the subject of this motion.)

Plaintiffs' fourth cause of action is dismissed as to Defendant Bass in her personal capacity with prejudice.

Plaintiffs' fifth cause of action is dismissed as to Defendants CUSD and SELPA with prejudice. It is dismissed as to Defendant Bass in her official capacities for damages other than prospective declaratory and injunctive relief. It is dismissed as to liability arising under the ADA, Rehabilitation Act, and IDEA with prejudice.

Plaintiffs' sixth cause of action is dismissed as to Defendants CUSD and SELPA with prejudice. It is dismissed as to Defendant Bass in her official capacities for damages other than prospective declaratory and injunctive relief.

Plaintiffs' seventh cause of action is dismissed as to Defendants CUSD, SELPA, and Bass in her official capacities with prejudice. It is dismissed as to Bass in her personal capacity with leave to amend.

Plaintiffs' eighth cause of action is dismissed as to Defendants CUSD, SELPA, and Bass in her official capacities with prejudice. It is dismissed as to Bass in her personal capacity with leave to amend.

Plaintiffs may file an amended complaint consistent with this Order within thirty (30) days of entry of the same. If no amended complaint is filed, Defendants are directed to file a responsive pleading within sixty (60) days of entry of this Order.

IT IS SO ORDERED.

Dated:   July 11, 2014

SENIOR DISTRICT JUDGE