1
2
3
4

5                        **UNITED STATES DISTRICT COURT**

6                        **EASTERN DISTRICT OF CALIFORNIA**

7

8   | A.A. and L.A. on their own behalf and on | CASE NO. 1:13-CV-1043-AWI-SMS |

9   | behalf of A.A. Jr., | |
    | | ORDER GRANTING PLAINTIFFS' |
    | Plaintiffs, | MOTION TO SUPPLEMENT FIRST |
10  | | AMENDED COMPLAINT |

11  | v. | Doc. 49 |

12  | CLOVIS UNIFIED SCHOOL DISTRICT, | |
    | CLOVIS SELPA, MARY BASS in her | |
    | personal and official capacities as SELPA | |
13  | ADMINISTRATOR and DIRECTOR OF | |
    | SPECIAL EDUCATION for CLOVIS USD | |
14  | and DOES 1-10, | |

15  | Defendant. | |

16

17        Plaintiffs filed this action in 2013 in response to A.A. Jr.'s education plan for the 2012-

18   2013 school year, which they allege, among other things, violates the Individuals with Disabilities

19   Education Act ("IDEA," 20 U.S.C. §§ 1400, *et seq*.). They seek to supplement their first amended

20   complaint ("FAC") to add facts occurring in subsequent school years.

21        I.      BACKGROUND

22        Plaintiff A.A. Jr. is a student at Clovis Unified School District ("CUSD") who is eligible to

23   receive special education and related benefits under the IDEA. Doc. 21, FAC at 3:23-35. His

24   parents, plaintiffs A.A. and L.A., refused to agree to the individual education plan ("IEP") for

25   A.A. Jr. for the 2012-2013 school year, his seventh-grade year. Doc. 21 at 7:4-8. They believed

26   that the proposed education was not a free and appropriate education in the least restrictive

27   environment, as guaranteed by the IDEA. Doc. 21 at 3:6-15; 27:3-5. Prior to filing this suit in the

28   district court, they pursued administrative remedies by requesting an administrative hearing. Doc.

1   21 at 2:22-3:2. This action appeals the ALJ's adverse decision. Doc. 21 at 3:6-15. Plaintiffs filed

2   this action in July 2013, within the statutory deadline after exhausting their administrative

3   remedies regarding the seventh-grade IEP. Doc. 1; Doc. 21 at 3:16-18. In addition to the IDEA

4   violation, Plaintiffs allege that Defendants discriminated against them on the basis of A.A. Jr.'s

5   disability and retaliated against them when they complained, and that Defendants intentionally and

6   negligently inflicted emotional distress and negligently supervised their instructional aides. See

7   Doc. 21.

8        The following year, Defendants' offered an IEP for A.A. Jr.'s eighth-grade year with the

9   same partially segregated schedule they had offered for his seventh-grade year. Doc. 49, Plaintiffs'

10  motion at 5:26-27. Plaintiffs again refused to consent to the IEP for the same reason they had not

11  agreed to the previous IEP, requested an administrative hearing, and completed the administrative

12  process. Doc. 49 at 5:23-6:4. The ALJ again found in favor of Defendants. Doc. 49 at 7:2.

13  Defendants also proposed the partially segregated schedule in the IEP for A.A. Jr.'s ninth-grade

14  year. Doc. 49 at 8:1-6, 12:3-6. For the same reason, Plaintiffs have objected to the most recent

15  IEP. Doc. 49 at 7:24-26.

16       Plaintiffs now seek to supplement their first amended complaint to add facts surrounding

17  his eighth and ninth-grade education, facts which did not exist at the time of filing the complaint.

18  Plaintiffs argue that the additional facts arise out of the same transaction and occurrence as those

19  in the initial complaint, the request to supplement is without delay or bad faith, and

20  supplementation is in the interests of judicial economy and is not futile. Plaintiffs also allege that

21  they are not required to exhaust administrative remedies for each year. Defendants oppose the

22  supplement on the grounds that supplementation is futile because their claim based on the eighth-

23  grade IEP is barred by the statute of limitations because they did not file the claim in district court

24  within the statutory deadline once administrative remedies were exhausted, and that their claim

25  based on the ninth-grade IEP has not yet been exhausted.

26  II.    RULE 15(d)

27       Federal Rule of Civil Procedure Rule 15(d) allows the court to, "on just terms, permit a

28  party to serve a supplemental pleading setting out any transaction, occurrence, or event that

1   happened after the date of the pleading to be supplemented." FRCP 15(d); *Eid v. Alaska Airlines,*

2   *Inc*., 621 F.3d 858, 874 (9th Cir. Nev. 2010)(" Rule 15(d) provides a mechanism for parties to file

3   additional causes of action based on facts that didn't exist when the original complaint was filed.")

4   "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the

5   parties as possible by allowing the addition of claims which arise after the initial pleadings are

6   filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co*., 668 F.2d 1014, 1057 (9th

7   Cir. 1981).

8       The supplementation standard is similar but distinct from the Rule 15(a) standard

9   governing amendments. Leave to supplement is favored and should be liberally construed absent a

10   showing of prejudice to the defendant.  *Keith v. Volpe*, 858 F.2d 467, 473, 475 (9th Cir. 1988).

11   The same factors relevant to a Rule 15(a) motion for leave to amend the complaint—undue delay,

12   prejudice, bad faith, and futility—are generally considered in a Rule 15(d) motion to supplement.

13   *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013); *see also Foman v. Davis*, 371 U.S.

14   178, 182 (1962).

15       III.     IDEA EXHAUSTION

16       "[T]he IDEA's exhaustion provision applies […] in cases where the relief sought by a

17   plaintiff in the pleadings is available under the IDEA. *Payne v. Peninsula Sch. Dist*., 653 F.3d 863,

18   871 (9th Cir. 2011). "Non-IDEA claims that do not seek relief available under the IDEA are not

19   subject to the exhaustion requirement, even if they allege injuries that could conceivably have

20   been redressed by the IDEA." *Id*. To illustrate, Rehabilitation Act claims and ADA claims are

21   subject to the same exhaustion of administrative remedies requirement as relief that is sought

22   under the IDEA, to the extent that the plaintiff seeks relief that is also available under the IDEA.

23   *M.J. v. Clovis Unified Sch. Dist*., 2007 U.S. Dist. LEXIS 28761, *31 (E.D. Cal. Mar. 28, 2007).

24   "Exhaustion of the administrative process [under the IDEA] allows for the exercise of discretion

25   and educational expertise by state and local agencies, affords full exploration of technical

26   educational issues, furthers development of a complete factual record, and promotes judicial

27   efficiency by giving these agencies the first opportunity to correct shortcomings in their

28   educational programs for disabled children." *Hoeft v. Tucson Unified School Dist*., 967 F.2d 1298,

1303 (9th Cir. 1992).

1   1303 (9th Cir. 1992).

2       IDEA's exhaustion requirement is not a jurisdictional requirement. *Payne v. Peninsula*

3   *Sch. Dist.*, 653 F.3d 863, 867 (9th Cir. 2011) (Overturning previous caselaw, the court held that

4   the IDEA's exhaustion requirement was an affirmative defense, not a jurisdictional requirement).

5   The IDEA's exhaustion provision explicitly states that it shall not be construed to limit "the rights,

6   procedures, and remedies available under the Constitution, the Americans with Disabilities Act of

7   1990 [42 U.S.C. § 12101 et seq.], Title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 et

8   seq.], or other Federal laws protecting the rights of children with disabilities," except to require

9   exhaustion prior to filing a civil action.  20 U.S.C. § 1415(l).

10      However, the IDEA's exhaustion requirement is "not rigid," and plaintiffs need not seek a

11  due process hearing if it would be futile or that administrative procedures would be inadequate.

12  *Kutasi v. Las Virgenes Unified School Dist.*, 494 F.3d 1162, 1168 (9th Cir. 2007). "Excuses for

13  exhaustion include the following: (1) it would be futile to use the due process procedures; (2) an

14  agency has adopted a policy or pursued a practice of general applicability that is contrary to the

15  law; (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies;

16  and (4) a systemic or structural IDEA violation is at issue." *Z.F. v. Ripon Unified Sch. Dist.*, 365

17  Fed. Appx. 77, 80 (9th Cir. 2010).

18      IV.    DISCUSSION

19          A.  The Proposed Supplement Does Not Add New Claims

20      It is the Court's understanding that Plaintiffs are not seeking to add new claims by

21  supplementing the FAC, but seek to add new facts that support their original claims, facts that did

22  not exist at the time of filing the original complaint. The new facts arise out of the same alleged

23  violation of Plaintiffs' rights under the IDEA, ADA, Rehabilitation Act, the Fourteenth

24  Amendment, and the California Unruh Act, a violation which allegedly continues into the present.

25  Plaintiffs allege that education offered to A.A. Jr., beginning in seventh grade and continuing into

26  eighth and ninth grades, which has partially-segregated, partially-integrated daily schedule,

27  violates their rights. The same objections exist as to all three school-year plans, and will

28  presumably continue to exist as long as Defendants offer A.A. Jr. a partially-segregated education.

1    Plaintiffs argue that the education plan does not provide an appropriate education in the least

2    restrictive environment as guaranteed by the IDEA, and they believe A.A. Jr. should have access

3    to the same educational services as his typically-developing peers.

4         Defendants argue that Plaintiffs are required to exhaust administrative remedies for each

5    year's IEP and then bring a separate action appealing each adverse administrative decision, both

6    subject to statutory deadlines. Doc. 51, Opposition at 2:1-4. However, an IDEA violation is not

7    exclusively tied to the annual IEP or each distinct school year. *See Winkelman v. Parma City Sch.*

8    *Dist.*, 550 U.S. 516, 525 (2007). The IDEA provides recourse for a party's objection to the

9    "adequacy of the education provided, the construction of the IEP, or some related matter." *Id.*

10   Indeed, Plaintiffs' IDEA claim is not exclusively tied to the IEP. Plaintiffs object to the adequacy

11   of the education provided to A.A. Jr., which was presented to Plaintiffs in writing in each of the

12   IEPs for seventh, eighth, and ninth grade. Plaintiffs seek A.A. Jr.'s access to the same facilities as

13   his typically-developing peers, which they allege was denied in seventh grade, and continues to be

14   denied into his eighth and ninth grades. It logically follows that the facts related to A.A. Jr.'s

15   eighth and ninth-grade education would be brought in the same suit alleging harm based on his

16   seventh-grade education. If the same alleged IDEA violation continues into A.A. Jr.'s eighth and

17   ninth grades, Plaintiffs' issues regarding A.A. Jr.'s eighth and ninth-grade education will be

18   necessarily resolved when the Court rules on whether the seventh-grade education violates the

19   IDEA.

20        Plaintiffs' proposed supplement shows that they intend to add a paragraph to each cause of

21   action alleging harm which began around A.A. Jr.'s seventh-grade education and continues to the

22   present. For example, Plaintiffs' ADA claim remains unchanged but with the addition of the

23   following language: "Defendants subsequent proposed IEPs and the unnecessary segregation of

24   [A.A. Jr.] show that Defendants have exhibited and continue to exhibit a continuing pattern and

25   practice of denying [A.A. Jr.] the public accommodations to which he is entitled." Doc. 49, Exh.

26   A-2, ¶ 86. The ADA violation is based on Defendants' provision of education to A.A. Jr's, which

27   maintains the same offer of partially-segregated education to the present.  A similar paragraph is

28   added to each of Plaintiffs' remaining causes of action.  In the supplemented prayer, Plaintiffs also

1  seek tuition reimbursement and compensatory education for eighth and ninth grade, as well as

2  seventh grade and any other year that the alleged violation continues. Doc. 49, Exh A-2 at 33:3-5,

3  33:9-10. The proposed supplement demonstrates that Plaintiffs do not seek to add new causes of

4  action, but that they seek relief for the entire period of time in which the violation continues.

5       Plaintiffs are required to exhaust their administrative remedies prior to bringing an IDEA

6  claim and any other claim seeking relief that is also available under the IDEA. They have met this

7  requirement in exhausting their claims related to the seventh-grade IEP. In opposing this motion,

8  Defendants do not dispute that Plaintiffs met the exhaustion requirement for the seventh-grade

9  IEP. The purposes of the exhaustion requirement –to allow the agency to correct shortcomings,

10 develop the record, etc.– was met through Plaintiffs' exhaustion of administrative remedies prior

11 to filing this action in the district court. Plaintiffs' arguments regarding the eighth and ninth-grade

12 IEPs were raised in the hearing on the seventh-grade IEP. Plaintiffs are not required to re-exhaust

13 administrative remedies when they are not adding claims, but are adding facts that did not exist at

14 the time of filing that support already existing claims.  In turn, the statutory deadline to appeal the

15 adverse decision on the eighth-grade IEP in a civil action is not implicated.

16       B.  Factors Governing Amendment

17       The factors governing amendment suggest granting leave to supplement. There is no

18 evidence of bad faith or dilatory motive in bringing the motion the supplement. Plaintiffs allege

19 that the violation is ongoing, and there is no evidence of undue delay in bringing the motion to

20 supplement. Defendants will not suffer prejudice by the supplement because they have been aware

21 of this litigation and Plaintiffs' theories as well as the facts supporting their claims, including the

22 Plaintiffs' continued objections to the partially-segregated schedule. Plaintiffs' proposed

23 supplement would not be futile because the proposed additional facts support existing claims and

24 do not add new claims that are subject to the IDEA exhaustion requirement. Allowing the

25 supplement would serve judicial economy because it would allow Plaintiffs to proceed on their

26 claims based on the same alleged harm in a single action rather than breaking it apart by school

27 year. Hence, Plaintiffs' motion to supplement should be granted.

28

1    V.    ORDER

2        For the foregoing reasons, Plaintiffs' motion to supplement the first amended complaint is

3    GRANTED. Plaintiffs shall file their supplemented first amended complaint within seven (7) days

4    of entry of this order.

5

6

7    IT IS SO ORDERED.

8        Dated:    **July 1, 2015**                        **/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28