# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A. and L.A. on their own behalf and on behalf of A.A. Jr., <br><br> Plaintiffs, <br><br> v. <br><br> CLOVIS UNIFIED SCHOOL DISTRICT, CLOVIS SELPA, MARY BASS in her personal and official capacities as SELPA ADMINISTRATOR and DIRECTOR OF SPECIAL EDUCATION for CLOVIS USD and DOES 1-10, <br><br> Defendant. | CASE NO. 1:13-CV-1043-AWI-SMS <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY <br><br> Docs. 66, 69 |

Plaintiffs A.A. and L.A, on behalf of A.A. Jr. (collectively "Plaintiffs") bring this action against Clovis Unified School District ("CUSD"), the Clovis Special Education Local Plan Area ("SELPA"), Mary Bass, in her official capacity as SELPA Administrator and Director of Special Education for CUSD, and Does 1-10 (collectively "Defendants"). Plaintiffs allege that Defendants failed to provide A.A. Jr. an appropriate education as required by federal law, and discriminated against him on the basis of his disability in violation of federal and state law.

Plaintiffs initiated this action in July 2013. Doc. 1. The Court extended the initial scheduling conference several times due to Defendants' motion to dismiss pending under submission. Docs. 30, 32, 34, 35. A scheduling order setting discovery deadlines was entered in February 2015. Doc. 48. Pursuant to that order, non-expert discovery was due by January 4, 2016. Plaintiffs' motion for an extension of time to conduct discovery, filed on January 12, 2016, is presently before the Court. Docs. 66, 69.

I. RULE 16

Federal Rule of Civil Procedure Rule 16 states that a "schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). However "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Id*. "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (*quoting Johnson*, 975 F.2d at 607).

II. DISCUSSION

Here, Plaintiffs have met their burden to show good cause to modify the scheduling order. Defendants argue that Plaintiffs have not been diligent in pursuing their claims in this action. Plaintiffs did not serve their first set of written discovery until August 2015, two years after commencing the action, Plaintiff did not file this motion to extend the discovery deadlines until the deadlines had already passed. However, these delays are excusable.

The operative complaint in this action was not filed until July 2015, after two motions to dismiss and a motion to supplement were litigated over the course of almost two years. Doc. 55. The parties allege that, since then, Defendants have changed counsel and requested extensions, and the parties have met and conferred among each other and with the Court. During an informal telephonic conference with the Court on December 9, 2015, Plaintiffs raised the issue of the imminent discovery deadline. Doc. 62. Plaintiffs' counsel allege that the Court advised "that we should table [the issue of scheduling] until the following month" when a further informal conference was to be held. Doc. 66-1 at 5:3-6. Plaintiffs' counsel interpreted that to mean that the pending deadlines were "off the table" until the discovery matters were resolved." Doc. 66-1 at 5:5-8. The Court did not issue an order vacating or amending the scheduling order.

Plaintiffs' misunderstanding is reasonable. A further informal conference was held on January 7, 2016, after which the parties were directed to meet for an in-chambers conference to address continuing discovery issues. Docs. 64, 65. The Court observed in the in-chambers

discovery conference that both parties appear to be very unclear and in disagreement as to what issues remain in this action and, thus, what issues are discoverable. See Doc. 70.

An extension of discovery deadlines may be inconvenient, but Defendants have not demonstrated that an extension could cause them prejudice. It would be extremely severe for the Court to deny Plaintiffs' request given the parties' confusion over the remaining issues in this action, Plaintiffs' reasonable misunderstanding of the Court's comments regarding the discovery deadlines, the complexity of this case, Plaintiff's sufficient diligence in pursuing their action, including gathering discovery, in this Court, the limited amount of discovery conducted thus far, and the lack of prejudice caused to Defendants by the extension. There have been no prior modifications of the scheduling order. Plaintiffs request a six-month extension. This is reasonable amount of time and will be granted.

III.   ORDER

For the foregoing reasons, Plaintiffs' motion for an extension of time to conduct discovery is GRANTED as follows: The parties are ordered to complete all discovery pertaining to non-experts on or before August 19, 2016, and all discovery pertaining to experts on or before September 23, 2016. All pre-trial and trial dates set forth in the February 26, 2015 scheduling order are VACATED. The Court will issue an amended scheduling order. Counsel are to meet and confer regarding said proposed amended scheduling and notify Courtroom Deputy Michelle Rooney in writing on or before March 4, 2016 of their joint acceptance or alternative suggestions.

IT IS SO ORDERED.

Dated:   **February 17, 2016**           **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE