| | |
|---|---|
| A.A. and L.A. on behalf of A.A., Jr.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT, CLOVIS SELPA, MARY BASS in her personal and official capacities as SELPA ADMINISTRATOR and DIRECTOR of SPECIAL EDUCATION for CLOVIS USD and DOES 1-10,<br><br>　　　　　Defendants. | CASE NO. 1:13-CV-1043 AWI MJS<br><br>ORDER GRANTING REQUEST TO FILE DOCUMENTS UNDER SEAL<br><br><br><br>(Doc. 103) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

The parties have come to settlement after mediation. As the case involves the claims of a minor, the court is required by Fed. Rule Civ. Proc. 17(c) to conduct an independent inquiry to determine whether the settlement serves the minor's best interests. Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). Plaintiffs are in the process of filing a petition seeking that court approval. However, given the subject matter, Plaintiffs are requesting permission to file the relevant documents under seal. Doc. 103. No party has filed an opposition to this request.

For requests to file under seal "a 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right to inspect and copy public records and documents, including judicial records and documents. To limit this common law right of access, a party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009), citations and quotations omitted. The "compelling reasons" standard applies to sealing documents associated with requests to approve settlement agreements. Sharp v. Sepracor Inc., 2009 U.S. Dist. LEXIS

97791, *3 (D. Ariz. Oct. 7, 2009); <u>Kennedy v. R.M.L.V., LLC</u>, 2014 U.S. Dist. LEXIS 11430, *2 (D. Nev. Jan. 29, 2014).

In this case, the materials submitted identifies the school the minor attends, the specific classes the minor will be taking, and the cost of outside educational services. In general, there is a "very strong privacy interest" in protecting the personal information of a minor. <u>Jenkins v. Wash. Metro. Area Transit Auth.</u>, 960 F. Supp. 2d 2, 16 (D.D.C. 2013). Sealing is appropriate to prevent the general publication of their "sensitive information." <u>JSB v. Wheeler</u>, 2015 U.S. Dist. LEXIS 158650, *9 (D. Nev. Nov. 24, 2015). There is a "legitimate expectation of privacy" regarding information about "the educational expenses of a disabled minor." <u>A.S. v. Harrison Twp. Bd. of Educ.</u>, 2017 U.S. Dist. LEXIS 69689, *4 (D.N.J. May 8, 2017). Similarly, it may be important to hide the specific the school the minor attends to avoid revealing their identity. See <u>M.M. v. Lafayette Sch. Dist.</u>, 2017 U.S. Dist. LEXIS 50759, *4 (N.D. Cal. Apr. 3, 2017). As the sensitive information is at the heart of the lawsuit and the documents to be filed, sealing is permissible.

Plaintiffs' request to file the (1) Mediated Settlement Agreement, (2) Petition for Approval of Mediated Settlement Agreement, and (3) Affidavit of Plaintiffs under seal is GRANTED.

IT IS SO ORDERED.

Dated:   August 4, 2017                                         _____
                                                                SENIOR DISTRICT JUDGE