| | |
|---|---|
| A.A. and L.A., on their own behalf and on behalf of A.A., Jr.,<br><br>Plaintiffs,<br><br>v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT, CLOVIS SELPA, MARY BASS, in her personal and official capacities as SELPA ADMINISTRATOR and DIRECTOR OF SPECIAL EDUCATION for CLOVIS USD,<br><br>Defendants. | Case No. 1:13-cv-01043-AWI-MJS<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING ON PETITION FOR COURT TO APPROVE MEDIATED SETTLEMENT AGREEMENT<br><br>(ECF NO. 105)<br><br><br>FOURTEEN (14) DAY DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On August 7, 2017, Plaintiffs A.A. and L.A. filed a petition for the court to approve a mediated settlement agreement on behalf of minor Plaintiff, A.A., Jr. (ECF No. 105.) Filed under seal in support of the petition is the joint affidavit of A.A. and L.A., as well as

a copy of the Mediated Settlement Agreement and Release of Claims. (ECF Nos. 106, 107.)

In the context of proposed settlements involving minors, the Court has a special duty to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011) (citations omitted). The focus on such inquiry is the net recovery to the minor plaintiff, and whether that recovery is fair and reasonable. Id. at 1181-82. The Court should consider "the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases." Id. at 1182. Here, the petition sets out the facts of the case, the minor's claims, and the proposed recovery. However, it does not address the typical recovery by minor plaintiffs in similar cases.

Additionally, Local Rule Local Rule 202(b) sets forth that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Local Rule 202(b)(2) further requires that an application for approval of a settlement of a minor include: "the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . " Here, the petition generally addresses these factors. However, little information has been provided that would allow the Court to assess the fairness or reasonableness of the settlement, in particular the amount allocated to providing future education and services for A.A.

Based on the foregoing, Plaintiffs are HEREBY ORDERED to submit supplemental briefing within fourteen (14) days of the date of service of this order,

2

addressing the typical recovery by minor plaintiffs in similar cases and any other information that would enable the Court to determine the fairness of the settlement.

IT IS SO ORDERED.

Dated: September 29, 2017         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE