UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A. and L.A., on their own behalf and on behalf of A.A., Jr.,<br><br>Plaintiffs,<br><br>v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT, CLOVIS SELPA, MARY BASS, in her personal and official capacities as SELPA ADMINISTRATOR and DIRECTOR OF SPECIAL EDUCATION for CLOVIS USD,<br><br>Defendants. | Case No. 1:13-cv-01043-AWI-MJS<br><br>FINDINGS AND RECOMMENDATIONS TO :<br><br>(1) APPOINT A.A. AND L.A. AS CO-GUARDIANS AT LITEM FOR A.A., JR.; AND<br><br>(2) APPROVE PETITION FOR COURT APPROVAL OF MEDIATED SETTLEMENT AGREEMENT<br><br>(ECF NO. 121)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

Before the Court is the petition of Plaintiffs A.A. and L.A., seeking court approval of a mediated settlement agreement on behalf of their son, Plaintiff A.A., Jr., and seeking to appoint themselves as guardians ad litem for A.A., Jr. for purposes of effectuating the settlement agreement. (ECF No. 121.) For the reasons stated below, the Court will recommend that the petition be granted.

///

## I. Procedural History

The matter is proceeding on a first amended complaint (ECF No. 21), as supplemented on July 8, 2015 (ECF No. 55). Plaintiffs allege violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400 et seq.; Title II of the Americans with Disabilities Act ("ADA"), 20 U.SC. § 12101, et seq.; Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794; the Fourteenth Amendment of the United States Constitution; and various state laws.

On August 7, 2017, A.A. and L.A. filed a petition for the court to approve a mediated settlement agreement on behalf of A.A., Jr., who then was a minor, and to have themselves appointed as guardians ad litem for A.A., Jr. (ECF No. 105.) Filed under seal in support of the petition were the joint affidavit of A.A. and L.A. and a copy of the Mediated Settlement Agreement and Release of Claims. (ECF Nos. 106, 107.)

The Court reviewed the petition and, on August 29, 2017, ordered the plaintiffs to provide supplemental briefing. (ECF No. 108.) They did so on October 13, 2017. (ECF No. 109.) Upon review of the supplemental briefing, the Court took note that A.A., Jr. had reached the age of majority on September 1, 2017, leaving unclear the Court's authority to approve the settlement agreement on his behalf. (ECF No. 110.) The parties were again ordered to file supplemental briefing.

Defendants responded by arguing that the Court should approve the settlement on the ground that A.A., Jr. is unable to understand the terms of the settlement and lacked capacity to sign and approve the settlement agreement on his own behalf. (ECF No. 111.) Plaintiffs opposed any effort to have A.A., Jr. deemed incompetent. (ECF No. 112.) They conceded that the request to approve the petition based on A.A., Jr.'s minority was moot but nonetheless contended that the Court maintained jurisdiction to approve the agreement on other grounds. However, neither party provided authority for the Court to approve or disapprove a settlement on behalf of a competent adult who had not himself agreed to the settlement. (Id.)

On December 15, 2017, the Court held a telephonic status conference with the parties. (ECF No. 120.) Thereafter, the petitions based on A.A., Jr.'s minority were denied as moot. (Id.) Plaintiffs were invited to bring a separate petition for Court approval of the mediated settlement agreement on other grounds, if and as necessary under Federal Rule of Civil Procedure 17(c) and Local Rule 202(b). (Id.) They did so on January 19, 2018. (ECF No. 121.) Defendants filed no response.

The matter was heard in chambers on March 2, 2018. (ECF No. 128.) Plaintiffs appeared with counsel. Counsel for Defendants also appeared. No party raised any objection to approval of the petition.

In ruling on this petition, the Court has considered documents submitted in support of Plaintiffs' various petitions for approval of the settlement and the supplemental briefing thereon (ECF Nos. 105-107, 109, 111, 113, 117-19, 121, 125), as well as the Court's discussion with A.A., Jr., at the hearing.

**II.    A.A., Jr.'s Capacity**

An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). In California, the test for incompetence "is whether the party has the capacity to understand the nature or consequences of the proceeding, and is able to assist counsel in preparation of the case." In re Jessica G., 93 Cal. App. 4th 1180, 1186 (Cal. Ct. App. 2001); Lee v. Retail Store Employee Bldg. Corp., No. 15-CV-04768-LHK, 2017 WL 565710, at *3 (N.D. Cal. Feb. 13, 2017); Golden Gate Way, LLC v. Stewart, No. C 09-04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012).

In support of their petition, Plaintiffs submit an assessment report prepared by Clinical Psychologist Robert D. Wells. Dr. Wells has worked with A.A., Jr. for nearly ten years and bases his assessment on his most recent visits with A.A., Jr. in January 2018. (ECF No. 125 at 21.) At that time, Dr. Wells assessed A.A., Jr.'s non-verbal reasoning, reading, and listening comprehension as ranging from the 5 to 6.9 year old level. (Id.) He stated that A.A., Jr. exhibits severe cognitive impairment. He opined that A.A., Jr.

3

1  functions at a grade level twelve years below that required to understand the mediated
2  settlement agreement at issue in this case. (Id. at 22.)

3  This comports with the Court's own assessment of A.A., Jr. In chambers, A.A., Jr. presented as a very well-cared for, polite, personable, and cooperative young man much, much younger than his chronological age. He was unfamiliar with the concept of the court or why he was there. He expressed and displayed extremely limited financial acumen beyond counting each of the three one dollar bills he possessed. It was clear he needs to, and does rely, substantially on others – his parents and sister – with regard to financial matters. There was no question but that his present state of development would not allow him to make decisions regarding his financial welfare or manage funds set aside for that purpose. He expressed a preference for having his parents make educational and financial decisions for him.

Considering all of the undisputed evidence presented to the Court, including Dr. Wells assessment (ECF No. 125), assessments by school district personnel (ECF Nos. 117-119), and the Court's own interaction with A.A., Jr., the Court is confident that A.A., Jr. presently lacks capacity to understand the nature or consequences of this proceeding, and is unable to assist counsel in the settlement of the case. See In re Jessica G., 93 Cal. App. 4th at 118).

### III. Appointment of Guardian Ad Litem

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A guardian ad litem may be appointed for an incompetent adult only (1) if he or she consents to the appointment or (2) upon notice and hearing." Shankar v. United States Dep't of Homeland Sec., No. 13-CV-01490 NC, 2014 WL 523960, at *14 (N.D. Cal. Feb. 6, 2014).

When there is no conflict of interest between the proposed guardian ad litem and the litigant, the guardian ad litem appointment is usually made on an ex parte application and involves minimal exercise of discretion by the court. <u>Kulya v. City and County of San Francisco</u>, No. C 06–06539 JSW, 2007 WL 760776, *1 (N.D. Cal. Mar. 9, 2007) (citation omitted). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." <u>Williams v. Superior Court</u>, 147 Cal. App. 4th 36, 38 (2007). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." <u>Id.</u> at 50.

Here, as stated above, A.A., Jr. lacks capacity to bring, pursue and resolve this action on his own behalf. His ability in these regards is therefore contingent upon the appointment of a guardian ad litem. Upon review of the complaint and the submissions of Plaintiffs A.A. and L.A., no adverse interests appear. A.A. and L.A. brought this action largely on behalf of their minor son. The claims brought on their own behalf relate to their efforts to secure at their own expense an appropriate education for A.A., Jr. while this litigation ensued. The Court finds that the interests of A.A. and L.A. are the same as those of A.A., Jr., and there is no conflict of interest. Accordingly, appointment of A.A. and L.A. as guardians ad litem for their son is appropriate. See <u>Burke v. Smith</u>, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); <u>see also</u> <u>Anthem Life Ins. Co. v. Olguin</u>, 2007 U.S. Dist. LEXIS 37669, at *7, 2007 WL 1390672 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

**IV.    Approval of Mediated Settlement Agreement**

In the context of proposed settlements involving minors and incompetent persons, the Court has a special duty to "conduct its own inquiry to determine whether the

settlement serves the best interests of the minor [or incompetent person]." See Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011) (citations omitted); see also Local Rule 202(b). The focus on such inquiry is the net recovery to the affected plaintiff, and whether that recovery is fair and reasonable.[1] Id. at 1181-82. The Court should consider "the facts of the case, each minor's [or incompetent person's] claims, and typical recovery by minor [or incompetent] plaintiffs in similar cases." Id. at 1182.

Here, A.A., Jr. will receive no direct financial benefit from the settlement. However, $63,200 will be deposited into a special needs trust, and an additional $10,000 in settlement funds will be dedicated to trust administration. (ECF No. 109-1, ECF No. 121 at 8.) The $63,200 is earmarked for a FAPE buyout, i.e., to provide A.A., Jr. with a free and appropriate education through the 2020-2021 school year, at which time his eligibility for services under the IDEA comes to an end. Plaintiffs have provided detailed documentation and invoices regarding the services and courses they intend to provide for A.A., Jr. and the costs associated therewith. (ECF No. 109-1, ECF No. 121 at 8.)

Although directed to do so, Plaintiffs have not provided the Court with information regarding the typical recovery in similar cases.[2] Nonetheless, the Court finds that the recovery is comparable to, and in some respects exceeds, the typical recovery in similar cases. See C.F. v. San Lorenzo Unified Sch. Dist., No. 16-CV-01852-RS, 2016 WL 4521857, at *2 (N.D. Cal. Aug. 29, 2016) (approving settlement of education-related claims where $10,000 of total fund was designated for educational services); S.D. by & through Brown v. Moreland Sch. Dist., No. C 14-00813 LHK (LB), 2014 WL 6687254, at *3 (N.D. Cal. Nov. 25, 2014) (approving settlement of education-related claims that would cover 70% of the costs of attending a specified learning center). Additionally, the

---

[1] Although specifically directed to address the fairness and reasonableness of the settlement as it pertains to A.A., Jr., Plaintiffs have focused their briefing largely on explaining why directing a substantial portion of the settlement to A.A., Jr.'s parents and attorneys is fair and reasonable. (See, e.g., ECF No. 109.) However, Robidoux is clear in stating that the focus of the Court's inquiry is the fairness of the net recovery for A.A., Jr. The Court therefore does not herein consider whether the award of attorney's fees or the compromise of the parents' claims is fair and reasonable.

[2] Instead, they provide citations to compromises on behalf of minors for claims unrelated to education. (ECF No. 109 at 9.)

6

settlement will provide for A.A., Jr.'s educational needs through the duration of his IDEA eligibility, and will provide him access to services he is familiar with and where, by all accounts, he is comfortable and performing well.

In light of these factors, the Court concludes that the settlement is fair and reasonable, and should be approved.

## V. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. A.A. and L.A. be appointed as guardians ad litem for A.A., Jr. for purposes of the mediated settlement agreement;
2. The petition for Court approval of the mediated settlement agreement be granted; and
3. The settlement agreement be approved on behalf of A.A., Jr., due to his incompetence.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 5, 2018          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

7